IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KYLE CONLEY, | : | Case No. 1:16-cv-01105 |
| | : | |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | **ORDER DENYING** |
| LAKOTA LOCAL SCHOOL DISTRICT, | : | **MOTION TO DISMISS OF** |
| *et al.*, | : | **DEFENDANT SOUTHWEST OHIO** |
| | : | **COUNCIL OF GOVERNMENTS** |
| Defendants. | : | |

This matter is before the Court on the Motion to Dismiss filed by Defendant Southwest Ohio Council of Governments. (Doc. 12.) Plaintiff has filed a memorandum in opposition (Doc. 18), to which Defendant has replied (Doc. 19). For the reasons set forth below, Defendant's Motion will be DENIED.

**I.    BACKGROUND**[1]

Plaintiff Kyle Conley became blind as a child. (Doc. 1 at PageID 3, ¶ 12.) Nonetheless, he graduated from college, received a teaching degree, and is a certified K through 12 music teacher in the State of Ohio. (*Id.*) While searching for a full-time teaching position, Mr. Conley applied for substitute teaching positions with various school districts in Butler County, Ohio and Warren County, Ohio through Defendant Southwest Ohio Council of Governments ("SWO-COG"). (*Id.* at PageID 4, ¶ 13.) Mr. Conley successfully taught many classes as a substitute teacher. (*Id.* at ¶ 14.)

---

[1] The motion to dismiss pending before the Court is brought pursuant to Fed. R. Civ. P. 12(b)(6). For purposes of deciding it, therefore, we accept as true the factual allegations made by Plaintiff in his Complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

1

His success apparently was short-lived. During the first half of September 2014, a teacher employed by Defendant Fairfield City School District ("Fairfield") complained that she did not want Mr. Conley to substitute teach in her classroom because of his disability. (*Id.* at ¶ 15.) As a result, Fairfield informed SWO-COG that it would no longer permit Mr. Conley to be placed at its schools, and he was "blocked" on the system from eligibility to substitute teach in the district. (*Id.* at ¶ 16.) Mr. Conley then requested a meeting with Roger Martin, Fairfield's Assistant Superintendent, which occurred on September 16, 2014. (*Id.* at ¶ 17.) Mr. Conley asked Mr. Martin to explain Fairfield's reasons for the block and, in turn, Mr. Martin asked Mr. Conley about his ability to handle "certain situations" that might arise. (*Id.*) Despite the "reasonable responses and suggestions" given by Mr. Conley, Fairfield still refused to allow him to teach. (*Id.* at ¶ 18.)

On September 23, 2014, Mr. Conley contacted Tom Isaacs, Superintendent of the Warren County Educational Services (and SWO-COG), and asked if a conference call could be scheduled with Mr. Martin and his team at Fairfield. (*Id.* at ¶ 19.) Mr. Isaacs responded in part, "I do not intend to get involved in telling districts which subs to use, and I have at least two hundred subs who are used very little by any districts. I am not in a position to influence their decision." (*Id.* at PageID 4–5, ¶ 20.) On September 25, 2014, Mr. Martin wrote Mr. Isaacs in part, "It is the District's judgment that utilizing [Mr. Conley] as a substitute teacher without significant assistance creates safety issues for our students, particularly in emergency events, and would adversely affect the quality of the instruction and assessment which take place in the classes." (*Id.* at PageID 5, ¶ 21.) Mr. Martin additionally stated that Mr. Conley's disability required that he have a full-time assistant, and that Fairfield would not accept him as a substitute teacher unless SWO-COG provided that full-time assistant at no cost to Fairfield. (*Id.* at ¶ 22.)

Defendant SWO-COG declined to provide a full-time assistant for Mr. Conley, and did not participate in discussions as to possible alternative accommodations.  (*Id.* at ¶ 23.)

In March 2015, Mr. Conley learned that Defendant Lakota Local School District ("Lakota") and Defendant Ross Local School District ("Ross") also blocked him from SWO-COG's substitute teacher list.  (*Id.* at ¶¶ 25, 27.)  Lakota and Ross blocked him for the same reason Fairfield did—because of his blindness.  (*Id.* at Page ID 5–6, ¶¶ 26, 28.)  Neither Lakota nor Ross engaged in an interactive process to determine what reasonable accommodations might be appropriate.  (*Id.*)

Mr. Conley has filed suit against all four Defendants—Fairfield, Lakota, Ross, and SWO-COG—for failure to accommodate as required by federal and state law and for disability discrimination in violation of federal and state law.  (*Id.* at PageID 6–8, ¶¶ 30–56.)  Only Defendant SWO-COG has filed a Motion to Dismiss.

## II. STANDARD OF LAW

In *Bell Atlantic Corp. v. Twombly*, the Supreme Court retired the half-century-old pleading standard that a claim should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  550 U.S. 544, 546 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Fed. R. Civ. P. 8(a)(2) "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Kline v. Mortgage Electronic Security Systems*, 659 F. Supp. 2d 940, 945 (S.D. Ohio 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (Rice, J.).  A pleading is insufficient if it only offers "a formulaic recitation of the elements of a cause of action" or tenders nothing more than "labels and conclusions."  *Twombly*, 550 U.S. at 555.  A complaint must "state a claim to relief that is plausible on its face" or risk dismissal under Fed. R. Civ. P. 12(b)(6).  *Iqbal*, 556

U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While a court must accept as true all of the factual allegations of the complaint, it is not so bound with regard to legal conclusions, particularly when couched as the former. *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986))).

### III.   ANALYSIS

The Americans with Disabilities Act ("ADA") prohibits discrimination against a "qualified individual" on the basis of disability and defines "discrimination" to include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 868 (6th Cir. 2007) (quoting 42 U.S.C. § 12112(a), (b)(5)(A)). The applicable federal regulation provides that an individual is not required to accept an accommodation. 29 C.F. R. § 1630.9(d). But if an individual *rejects* a "reasonable" accommodation

> that is necessary to enable the individual to perform the essential functions of the position held or desired, and cannot, as a result of that rejection, perform the essential functions of the position, **the individual will not be considered qualified**.

*Id.* (emphasis added). The Court notes that Ohio's disability discrimination law "parallels the ADA in all relevant respects," such that federal case law and regulations govern. *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008). Accordingly, Plaintiff's federal and state law claims rise or fall together. *Id.*

Defendant SWO-COG argues that the allegations of the Complaint indicate that Mr. Conley has rejected a reasonable accommodation, rendering him not "otherwise qualified" for the substitute teaching position he seeks. (Doc. 12-1 at PageID 32.) Thus, his federal and state claims for a failure to accommodate must be dismissed as a matter of law. (*Id.*) Defendant SWO-COG is wrong.

Paragraph 24 of the Complaint states, "Mr. Conley does not require a full time assistant to safely and adequately perform the functions of a substitute teacher." (Doc. 1 at PageID 5.) Defendant SWO-COG understands this statement to mean that Mr. Conley "admits . . . that he was offered the accommodation of a full time teaching assistant, and that he rejected this offer." (Doc. 12-1 at PageID 33.)  In the Court's view, this interpretation is nonsense.  Paragraph 17, which discusses Mr. Conley's September 16, 2014 meeting with Mr. Martin, provides no detail as to the specifics of their conversation.  (Doc. 1 at PageID 4.)  It clearly does *not* state that Mr. Martin offered Mr. Conley the "accommodation" of a full-time assistant.  (*Id.*)  Paragraph 22 references Mr. Martin's written statement to Mr. Isaacs that Mr. Conley's disability "required that he have a full time assistant with him at all times," but there is no allegation that Mr. Martin or Mr. Isaacs *offered* this "accommodation" to Mr. Conley or that he *refused*.  (*See id.* at PageID 5.)  Indeed, paragraph 23 alleges that Defendant SWO-COG "**declined** to provide a full time assistant to Mr. Conley, and did **not** participate in discussions concerning possible alternative accommodations." (*Id.* (emphasis added).)

The allegation made in paragraph 24 simply does not permit the inference that Mr. Conley was offered—and refused—the accommodation of a full-time assistant.  Rather, it serves to underpin Mr. Conley's alternate litigation position that a full-time assistant was not necessary for him to be able to perform the "essential functions" of the position of substitute music teacher. (Doc. 18 at PageID 61.)  His theory is clearly plausible.

In like fashion, Defendant SWO-COG urges that Mr. Conley's discrimination claims fail as a matter of law because he cannot establish a *prima facie* case under the ADA.  (Doc. 12-1 at PageID 5–6.)  Again, Defendant is wrong.  A *prima facie* case of disability discrimination does require that a plaintiff establish, among other things, that he is "otherwise qualified for the

5

position, with or without reasonable accommodation." *Daugherty*, *supra*, 544 F.3d at 703. No allegation within the Complaint, however, undermines Mr. Conley's ability to do so. Again, paragraph 24 cannot be read to allege that he was offered—and refused—the accommodation of a full-time assistant.

## IV. CONCLUSION

Based on the foregoing reasons, the Motion to Dismiss filed by Defendant Southwest Ohio Council of Governments (Doc. 12) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated: March 13, 2017            S/Susan J. Dlott_____
                                 Judge Susan J. Dlott
                                 United States District Court